**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ANGEL VARGAS-GONALEZ, JR.,<br><br>  Defendant. | Case No.: 12-CR-4521-GPC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. 3582(c)(2)**<br><br>**[ECF No. 88]** |

On September 14, 2021, Defendant Angel Vargas-Gonzalez filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. ECF No. 88. The Court set a briefing schedule on the motion, which ordered that the Government file any response on or before October 5, 2021, and that Defendant file any reply on or before October 19, 2021. ECF No. 89. The Government responded on October 5, 2021, ECF No. 90, and Defendant did not file any reply. For the reasons set forth below, the Court **GRANTS** Defendants' motion to for a reduction in sentence, and **ORDERS** that Mr. Vargas-Gonzalez's custodial sentence be reduced to **120 months**.

/ / /

1

# BACKGROUND

Defendant Angel Vargas-Gonzalez was charged and convicted of: (1) possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); (2) conspiracy to distribute 50 grams and more of methamphetamine, in violation of 21 U.SC. §§ 841(a)(1) and 846; and distribution of and possession with intent to distribute 50 grams and more.  ECF No. 73.

After trial, the Government and Mr. Vargas-Gonzalez entered into a sentencing agreement, in which the parties agreed to, among other terms: (1) a quantity of methamphetamine which yielded a base offense level of 34, (2) a two-level downward departure for acceptance of responsibility, and (3) a two-level downward departure for waiving his right to appeal.  ECF No. 85.

The agreement yielded a total offense level of 30.  *Id.*  The applicable sentencing guidelines range was 135 to 168 months.  *See* ECF No. 90 at 3.  In sentencing Mr. Vargas-Gonzalez, the Court adopted the sentencing guidelines calculations recommended by the parties pursuant to the sentencing agreement, and sentenced Mr. Vargas-Gonzalez to 135 months in custody on October 4, 2013, to be served concurrently, and five years of supervised release.  ECF No. 84.

# DISCUSSION

Mr. Vargas-Gonzalez has now moved the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines.  ECF No. 88.  In his motion, Mr. Vargas-Gonzalez argues that, because Amendment 782 had the effect of retroactively lowering the base offense level for drug quantities for the purposes of sentencing calculations, he is entitled to a two-level reduction in his base offense level, which was 34 at the time of his sentencing.  ECF No. 88 at 3.  After accounting for his combined four-level downward adjustment for acceptance of responsibility and waiver of appeal, Mr. Vargas-Gonzalez's retroactively-calculated adjusted offense level is 28,

instead of 30. Using the same criminal history category IV, the guideline range would therefore be calculated to be 110 to 137 months. ECF Nos. 88, 90. Mr. Vargas-Gonzalez therefore has asked the Court to reduce his sentence to 110 months. ECF No. 88 at 3.

In their response, the United States agrees that Mr. Vargas-Gonzalez is entitled to a two-level reduction in his guidelines range. ECF No. 90 at 1. However, because Defendant was subject to a ten-year mandatory minimum sentence, the Government asserts the low end of his recalculated guidelines range is 120 months, rather than 110 months. U.S.S.G. § 5G1.1(c)(2) ("In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that sentence is not less than any statutorily required minimum sentence."). As such, the Government recommends that Mr. Vargas-Gonzales' sentence should be reduced to 120 months, right at the statutory mandatory minimum. ECF No. 90 at 3.

The Court agrees with both Mr. Vargas-Gonzales and the Government that Mr. Vargas-Gonzalez is entitled to a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, which lowered his base offense level and the corresponding sentencing guidelines range. However, the Court finds that the adjusted low end of the range is 120 months because the ten-year statutory mandatory minimum still applies. *See* 18 U.S.C. 841(b)(1)(A)(iii) (stating that a person found guilty of Defendant's offense "shall be sentenced to a term of imprisonment which *may not be less than 10 years* or more than life") (emphasis added). Accordingly, the Court finds that Mr. Vargas-Gonzalez's custodial sentence should be reduced to a term of 120 months.

/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

The Court hereby **GRANTS** Mr. Vargas-Gonzalez's motion to reduce his sentence, and **ORDERS** that his custodial sentence be reduced to a term of **120 months**.

**IT IS SO ORDERED.**

Dated:  November 1, 2021

Hon. Gonzalo P. Curiel
United States District Judge